## ALVIN COOK *vs.* ANNA COOK.

When it is established that insanity existed at a certain time, it is presumed to continue, and the *onus* of proving sanity at a subsequent time is upon the party alleging it, or who seeks to hold the person once insane responsible for his acts.

In an action by a husband, against his wife, for a divorce on the ground of adultery, the defendant, without tendering the issue of lunacy or insanity at the time the adultery was committed, pleaded a record adjudicating her a lunatic, some two or three years before the act of adultery, and the answer was proved by the record, which remained unreversed; *Held* that the fact established by the record could not be contradicted; and as a rule of evidence, the presumption, at the time of trial, was that such lunacy continued, and existed at the time of the adultery. But that presumption could be rebutted by evidence; and the plaintiff was at liberty to prove that the defendant was sane at the time she committed the adultery.

And the referee, although the issue of insanity at the time the adultery was committed was not raised by the pleadings, having received evidence tending to prove sanity prior to, and at the time of, the adultery, and subsequently, and having found that there was no evidence of the existence of insanity at the time of the adultery; and the evidence upon the question of sanity at that time being satisfactory to the court; *Held* that the plaintiff was entitled to a decree for a divorce, on the ground that the evidence showed the defendant sane at the time the adultery was committed.

APPEAL from a judgment on the report and decision of a referee, in an action for divorce on the ground of adultery. The defendant answered, first, denying the allegations of the complaint. The third defense alleges proceedings instituted in 1864, by the plaintiff, in the county court, setting forth the lunacy, &c. of the defendant, the inquiry had, the verdict of the jury, and the judgment

of the court that the defendant was a lunatic and of unsound mind, and incapable of taking care of herself; that a committee was appointed, &c. Averment that such proceedings were still of force, and a demand of judgment that the complaint be dismissed. The referee found, upon sufficient evidence, that the defendant committed adultery in October, 1867. Also that the allegations set forth in the third answer by way of defense were substantially true, and proved by the record; and further, that there was no evidence of insanity proven to have existed at the time of the adultery. The evidence to prove the third answer was the record of the proceedings resulting in the judgment of lunacy. Evidence was given tending to prove the defendant sane at the time she committed adultery and for some time previous thereto, and so down to the trial. The referee decided that the plaintiff was entitled to judgment dissolving the marriage contract. Exceptions were taken by the defendant.

*A. C. Calkins*, for the plaintiff.

*A. Thorn*, for the defendant.

*By the Court*, MARVIN, P. J. It will be noticed that the defendant did not tender the issue of lunacy or insanity at the time the adultery was committed. She pleaded a record adjudicating her a lunatic, some two or three years before the act of adultery, and this answer was proved by the record, which remained unreversed.

The counsel for the defendant argues that the plaintiff, upon whose petition the record was made, is concluded by it, and that he could not allege and prove the fact otherwise at the time the adultery was committed; and then argues that insanity is a complete defense. The counsel is right to the extent that the fact established by the record could not be contradicted. The jury found that

"Anna Cook, at the time of taking this inquisition, is a lunatic and of unsound mind, but does at times enjoy lucid intervals; but so that she is incapable of the government of herself, &c. and that she has been in the same state of lunacy for the space of six months last past, and upwards." This inquisition was found in January, 1865. The judgment followed the inquisition, and it proved the lunacy at the time the inquisition was taken; and as a rule of evidence, the presumption, at the time of trial, was that such lunacy continued, and existed at the time of the adultery. But this presumption could be rebutted by evidence; and the plaintiff was at liberty to prove that the defendant was sane at the time she committed the adultery. (*Jackson* v. *Van Dusen*, 5 *John.* 159. *Jackson* v. *King*, 4 *Cowen*, 216. *Greenl. Ev.* § 42. *Starkie Ev. vol.* 3, *p.* 1709. *Hix* v. *Whittemore*, 4 *Metc.* 545.) It is unnecessary to multiply authorities. It being established that insanity existed at a certain time, it is presumed to continue, and the *onus* of proving sanity at a subsequent time is upon the party alleging it, or who seeks to hold the person once insane responsible for his act.

In the present case, the issue of insanity, at the time the act complained of was committed, is not raised by the pleadings. It should have been directly presented, and the record of the inquisition could have been used to prove the issue raised by the defendant. The evidence was, however, received by the referee, and also the evidence tending to prove sanity prior to, and at the time of, the adultery, and subsequently. The referee found that there was no evidence of insanity proven to exist at the time of the adultery. If the pleadings had raised the issue of insanity, the referee should, if insanity was a good defense, have found directly whether the defendant was sane or insane. He seems to have supposed that the *onus* was upon the defendant to show, by evidence other than the record, that she was insane. He failed to recollect the

presumption arising from the fact of prior insanity. In this case the evidence is before us, and it is satisfactory upon the question of sanity at the time the act of adultery was committed. It is not necessary to reverse the judgment. It should be affirmed upon the merits of the case; that is, that the evidence showed the defendant sane at the time she committed adultery, and the question, raised by counsel, whether insanity would constitute a defense, is not in the case, and does not call for consideration.

