HORN v. HORN.

(Supreme Court, Appellate Division, First Department.   February 3, 1911.)

1. DIVORCE (§ 229*)—ORDERS FOR ALLOWANCE—REHEARING.
     Where a motion for a modification of an order allowing counsel fees for a wife sued for divorce was heard by another justice by consent of the wife's attorney, the motion should be regarded as a motion for a reargument which might have been entertained by the justice making the original order.
     [Ed. Note.—For other cases, see Divorce, Dec. Dig. § 229.*]

2. DIVORCE (§ 229*)—ALLOWANCE FOR ATTORNEY'S FEES—ORDER.
     Where, when the court reduced the allowance for counsel fees to a wife sued for divorce, the parties had stipulated that the issue of the insanity of the wife in defense of the charge of adultery made against her by the husband should be submitted to a jury, the court erred in making

the reduction in the absence of any claim that the original allowance was excessive in the event the issue of insanity should be so tried without reference to the question whether insanity was a defense to the charge.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 229.*]

3. DIVORCE (§ 281.*)—ALLOWANCE TO WIFE—MODIFICATION—APPEAL.

A wife who accepts the part of an allowance granted by the court in a suit for divorce brought which is unaffected by an order modifying the original allowance granted her, does not thereby waive her right to appeal from the modified order.

[Ed. Note.—For other cases, see Divorce, Dec. Dig. § 281.*]

Appeal from Special Term, New York County.

Action by William O. Horn against Kathleen Horn. From an order modifying an order for the payment of counsel fees for defendant, she appeals. Reversed, and motion to modify former order denied.

See 127 N. Y. Supp. 1125.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

James W. Osborne, for appellant.

John F. McIntyre (David C. Hirsch, on the brief), for respondent.

LAUGHLIN, J. On the 26th day of July, 1910, the Special Term, Mr. Justice Giegerich presiding, on motion of the defendant, duly made an order requiring the plaintiff to pay to the attorneys for the defendant the sum of $2,500 for future legal services to be performed by them in defending the action, and $500 for future disbursements in the defense thereof. Thereafter plaintiff noticed a motion at Special Term returnable on the 13th day of September, 1910, for the modification of the order by reducing the allowance for counsel fees to $1,000. The motion was heard by Mr. Justice Whitney, counsel for appellant having consented that it need not be referred to the justice who presided when the original order was granted, and resulted in the order from which the appeal has been taken. In view of that consent I am of opinion that the motion should be regarded as in effect a motion for a reargument which might have been entertained by Mr. Justice Giegerich. The order was modified so as to provide for the present payment of $1,000 of the $2,500, and that the payment or nonpayment of the balance should be "the subject of a motion by either party when it shall have become apparent that the insanity issue will or will not be tried upon the facts." It is evident from the order and from the memorandum delivered on the motion that the learned trial court did not consider the allowance of $2,500 for counsel fee too large provided the issue of insanity of the defendant was to be tried; but he, at least, doubted whether insanity at the time of committing the acts of misconduct is a defense to an action for divorce, and he suggested that the question might be determined in advance of the trial.

The defendant in her answer denied the adultery with which she was charged in the complaint, and interposed as a defense that at the time of the alleged commission of adultery she was of unsound mind

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and did not know the nature of the act. On the 22d day of April, 1910, on the consent in writing of the attorneys for the respective parties, the court made an order settling as one of the issues to be tried by a jury a separate issue as to whether the defendant was "of sound mind at the time when she is charged with having committed adultery" at the place and with the person specified. There could be no appeal from that order, and there has been no motion to relieve either party from the stipulation and for a modification of the order. At the time the order from which the appeal has been taken was made therefor, by the express stipulation of the parties the issue of insanity was to be submitted to a determination in the first instance, at least, by a jury.

Counsel have argued on this appeal the interesting question as to whether insanity is a defense to an action for divorce, and if so, the further question involved therein or to which it gives rise as to whether it is properly triable by the jury or by the court. We have no statute which makes insanity a defense in such a case, but there is considerable authority to the effect that it is a defense, and that it is involved in the main issue with respect to the adultery upon the theory that adultery, within the spirit and intent of the statute, implies consent or acquiescence (Broadstreet v. Broadstreet, 7 Mass. 474; Nichols v. Nichols, 31 Vt. 328, 73 Am. Dec. 352; Wray v. Wray, 19 Ala. 522; Mims v. Mims, 33 Ala. 98; Hill v. Hill, 27 N. J. Eq. 214; Rathbun v. Rathbun, 40 How. Prac. 328; Hansell v. Hansell, 3 Pa. Dist. R. 724. See, also, Bailey v. Bailey, 41 Hun, 424; Cook v. Cook, 53 Barb. 180; Bishop on Marriage, Divorce, and Separation, § 1515), and there is some authority the other way (Matchin v. Matchin, 6 Pa. 332, 47 Am. Dec. 466; Nelson on Divorce and Separation, p. 178). This court, in Wilcox v. Wilcox, 116 App. Div. 423, 101 N. Y. Supp. 828, struck from an order settling the issues in a divorce action the issue of insanity, but the question as to whether or not insanity was a defense, and, if so, was involved in the issue of adultery, was neither presented for decision nor discussed. We are of the opinion, however, that this appeal does not necessarily present either of these questions for decision, and that they are of such public importance that they should be left for re-examination and decision when fairly presented. It is manifest that the learned justice at Special Term would not have modified the order had he expected that it would be necessary to try the issue of insanity before a jury. It is not claimed that the allowance was too large if the issue of insanity is to be tried before a jury and in the circumstances we deem it reasonable.

It is contended on the part of the respondent that appellant waived her right to appeal from the order by accepting the part of the allowance which the modifying order leaves unaffected. There is no merit in that point, for such acceptance does not constitute the acceptance of a favor under the second order.

Therefore the order should be reversed, with $10 costs and disbursements, and the motion to modify the former order denied, with $10 costs. All concur.