CHARLES F. JACOBS, Plaintiff, *v.* JANE JACOBS, Defendant.

Supreme Court, Kings County, April 19, 1926.

Husband and wife — annulment of marriage — application by plaintiff to discontinue action for annulment of marriage on payment of taxable costs — application granted on payment of costs to date and execution of stipulation vacating orders discontinuing prior actions between parties for divorce or separation or both — defendant entitled to restoration of rights to alimony possessed in prior actions — Supreme Court had jurisdiction of defendant notwithstanding she was adjudicated incompetent — plaintiff cannot under Civil Practice Act, § 225, challenge jurisdiction of court over defendant — defendant's motion for alimony and counsel fees denied with leave to renew.

Plaintiff's application to discontinue his action for the annulment of his marriage with his wife made on the return day of a motion for alimony and counsel fee, apparently to render defendant's previously initiated motion ineffective, will be granted, but only after the payment of taxable costs to date and the execution of stipulations vacating orders of discontinuance of previous actions brought by one of said parties against the other for divorce or separation or both, so as

Supreme Court, April, 1926.                     [Vol. 127

to restore to the defendant the rights that she possessed in said prior actions, and which she yielded up in reliance upon the diligent prosecution of the action herein. If plaintiff does not comply with these terms within ten days after the entry and service of the order herein, this motion is denied.

Notwithstanding the fact that the Supreme Court, by an order adjudicated the defendant herein an incompetent, the court is not without jurisdiction at this time over said defendant by reason of said order; therefore, in the absence of anything to show that defendant is challenging the jurisdiction of the court and claiming lack of jurisdiction by reason of ineffectual service, plaintiff may not, under the provisions of section 225 of the Civil Practice Act, raise the question of incompetency in her behalf, except to the extent of apprising the court of the actual facts surrounding the incompetency, so that it may of its own motion exercise its power under section 207 of the Civil Practice Act.

Defendant's motion for alimony and counsel fee is denied with leave to renew in the event that the plaintiff fails to comply with the conditions imposed upon him with respect to the discontinuance of the annulment action.

MOTION by the plaintiff to discontinue his action for the annulment of his marriage with the defendant.

*Julian V. Carabba,* for the plaintiff.

*Louis Greenspan,* for the defendant.

CARSWELL, J. (1) Plaintiff (husband) has begun an action for annulment of his marriage with the defendant (the wife). Upon the return day of a motion for alimony and counsel fee, or the day before by a short order to show cause, he moved to discontinue his action, apparently to head off the previously initiated motion of defendant. He claims he has the right to do so on the payment of taxable costs to date.

The wife claims that certain previous actions brought by one of these parties against the other for divorce or separation, or both, were discontinued upon the representation that the issue raised in the annulment action would be diligently prosecuted and disposed of as a matter of trial.

It is further claimed that certain rights to alimony, etc., accrued in these prior actions and that these rights have been lost because of the discontinuance of the actions consented to by her upon the representations of the plaintiff herein with respect to this new action.

Ordinarily taxable costs to date would be all that would be imposed as a condition to the discontinuance of an action of this sort. But where it appears that in reliance upon the action matters have transpired that would make it inequitable to permit a discontinuance without further terms they may be imposed. Where rights would be lost that had vested in the adverse party, or had been yielded up in reliance upon the non-discontinuance of the action in question, such terms may be imposed. This is such a case. The right to discontinue may be denied in its entirety uncon-

ditionally in a matrimonial action in a proper case. (*Winans v. Winans*, 124 N. Y. 140.)

Plaintiff claims further that this court has no jurisdiction herein because service upon the defendant was ineffectual in that the defendant has been adjudicated an incompetent by an order of this court in New York county on June 11, 1918. Plaintiff annexes a photostatic copy of such an order. It seems or it may be that the defendant without a formal discharge is at large by escape or otherwise and is not now confined. The one who has the right to raise this question is the defendant, not the plaintiff. But this court is not shown to be without jurisdiction at this time over the defendant by reason of that order of adjudication. Section 225 of the Civil Practice Act provides that service shall be made in person upon an individual who has been judically declared incompetent and upon the committee of such a person. It does not appear that there is any such committee; therefore, service is not needful upon any other person other than the defendant herself, except so far as the court may subsequently direct, or except so far as service be challenged *on the part of the defendant*. The burden is upon the one challenging jurisdiction to show that there is such a committee. There is no such showing. Moreover, the court order of 1918 is evidence of incompetency as of that date, but is not conclusive on the question of competency or incompetency as of this date. (*Southern Tier Masonic Relief Assn.* v. *Laudenbach*, 5 N. Y. Supp. 901; *Haggerty* v. *Griffin*, Kings County Special Term, N. Y. L. J. April 11, 1922.) The effect of that order would vanish under a showing of *actual* competency of to-day. This showing may be evidenced by proof of a condition of present actual ability of the defendant to protect her interests when attacked; by her consulting and invoking the aid of counsel as she has done here; by the benefit of such estoppel, if any, as may arise, by reason of plaintiff treating her as a competent and serving her as if she were competent, etc. This court would determine the question on all the proof, if it became an issue on the trial and if she needed further protection. It may be that in view of the State's interest in the marriage status the court would designate someone to receive service or appoint a special guardian. Jurisdiction to do these things would be possessed upon service being effected upon her as if she were a competent person. The added protection with respect to designating a special guardian or requiring further service upon a committee, if it appear that there was one, may be had on the court's own motion at any time. (Civ. Prac. Act, § 207, as amd. by Laws of 1922, chap. 538.) But the defendant does not challenge jurisdiction, but on the contrary submits to jurisdiction, and the plaintiff

may not raise the question on her behalf except to the extent of apprising the court of the facts, so that it may of its own motion exercise its power under section 207 of the Civil Practice Act.

As a condition to the discontinuance of this action the plaintiff will be required to stipulate to a vacating of the orders of discontinuance in the prior actions which defendant herein elects to have reinstated, so as to restore to the defendant the rights that she possessed in those prior actions and which she yielded up in reliance upon the continuance of this action. In addition, the plaintiff will be required to pay taxable costs to date. This will prevent the plaintiff's tactics (which seem to be undenied) resulting in a detriment to the defendant with respect to what had accrued to her under the prior actions. If the plaintiff does not comply with these terms within ten days after the entry and service of an order hereon the motion is denied. This disposition, if she is otherwise entitled to such relief, will permit of alimony and counsel fee in this action if plaintiff does not comply with the terms imposed.

(2) There is a second motion involved herein. It is made by the defendant for alimony and counsel fee. That motion is denied, with leave to renew in the event that the plaintiff in the annulment action fails to comply within the time fixed with the conditions imposed upon him with respect to permitting the discontinuance of the annulment action.