ANONYMOUS, Plaintiff, *v.* ANONYMOUS, Defendant.

Supreme Court, Erie County, March 12, 1938.

HARRIS, J. Motion by the plaintiff for an order punishing the defendant for contempt of court.

Motion by the defendant under rule 107 of the Rules of Civil Practice to dismiss the complaint herein on the ground that a certain defense set up in the answer, and which defense is undisputed as to fact, constitutes an absolute defense to the cause of action herein.

The alleged cause of action is one for divorce based on the alleged adultery of the defendant.

An orderly consideration of the motions requires that the motion to dismiss the complaint be considered first. The defense asserted as being the grounds as a matter of law for the dismissal of the complaint is that previous to the time of the alleged adulteries the defendant had been adjudicated an incompetent person. Examina-

tion of the law shows that an adjudication of incompetency is not conclusive, and, therefore, may be rebutted by showing that the person so adjudicated was competent at the time of the commission of a particular act by him. In other words, the adjudication as to incompetency is as of the time of the adjudication and does not carry with it a finding of continued incompetency, but only a presumption of the continuation of that state of mind. (*Matter of Prentice*, 110 Misc. 456; *Jacobs* v. *Jacobs*, 127 id. 505; affd., 217 App. Div. 753; *Cook* v. *Cook*, 53 Barb. 180.)

The best authorities lead to the conclusion that insanity in and of itself, if it prevents the actor from appreciating the nature and effect of a particular act, is a defense to an accusation of adultery alleged in a divorce complaint. (*Wray* v. *Wray*, 19 Ala. 522; *Broadstreet* v. *Broadstreet*, 7 Mass. 474; *Kretz* v. *Kretz*, 73 N. J. Eq. 246; 67 A. 378; *Nichols* v. *Nichols*, 31 Vt. 328; *Yarrow* v. *Yarrow*, L. R. [1892] Prob. 92.)

Differing from this viewpoint is the case of *Matchin* v. *Matchin* (6 Penn. St. 332), but the *Matchin* case has not been followed or regarded as an authority except as emphasizing, in a case where the wife is the defendant, the necessity of protecting the legitimacy of offspring.

In view of the above, I reach the conclusion that the defendant herein is not entitled to a dismissal of the complaint on the grounds named.

In regard to the motion for punishment for contempt, such motion is based on the failure of the defendant to pay a counsel fee to the attorney for the plaintiff and to pay alimony to the plaintiff. Prior to the commencement of this action, and prior to the making of the order directing the payment of such alimony and counsel fee, the defendant herein was adjudicated competent. So in reference to the motion to punish for contempt he has not the defense of even a presumption of insanity, and he has interposed no other grounds for failure to pay. However, since the argument of the two motions herein, the plaintiff and defendant are again living together as husband and wife, and the motion for punishment for contempt is important only in so far as the failure to pay the counsel fee is concerned. Such counsel fee was fixed by another justice of this court, and I have referred to him, with his consent, the question of whether under the above-mentioned circumstances of the reconciliation of the parties here he would deem it proper that the entire counsel fee should be paid. On a showing that the defendant has failed to pay such amount as is now fixed by the justice who has heard that one matter, the plaintiff may have an order holding the defendant in contempt for failure to pay the counsel fee as refixed. Matter of costs held in abeyance.