STURGIS, Chief Judge.
The appellant-husband has superseded the provisions of the final decree herein, which awarded to the appellee-wife $150 per month, commencing March 10, 1958, for the support of a child born of the marriage, and $800 for the services of appellee’s attorneys in the circuit court. No part of these awards have been paid.
We now consider appellee’s motion for an order requiring appellant to provide support money for said child pending disposition of this appeal and fees for the services of her attorney on this appeal.
The same considerations that support the payment of such items pendente lite in the trial court are applicable here. The amount allowed by the trial court is an appropriate guide, absent any other showing, on which to predicate our action. Our power to enter an order granting the relief sought is not affected by supersedeas of the circuit court’s decree, even though such order in large measure renders the supersedeas nugatory. These views are in accord with the doctrine of Brooks v. Brooks, Fla., 100 So.2d 145, and cases cited therein, which was followed by the Second District Court of Appeal in the case of Morton v. Morton, 104 So.2d 472.
The motion is granted and an order will be entered allowing support money for the child pending this appeal in the amount fixed by the final decree, payable on the 10th day of each month, commencing July 10, 1958, and allowing $350 temporary attorney’s fees for the services of appellee’s attorneys on this appeal, reserving for later disposition the final fee to be paid. In the event the decree appealed from is affirmed, the amount allowed by this court as support money for the child pending this appeal shall be credited against the first amounts payable in that behalf under the decree.
CARROLL, DONALD and WIGGIN-TON, JJ., concur.