STURGIS, Chief Judge
(dissenting).
I agree that the first ground of the motion to dismiss is not well taken. In my opinion the other ground is also without merit and I would, therefore, deny the motion.
The holding of the majority turns on the premise that pending this appeal the appellant accepted appellee’s “fender” (I think it was payment) of two monthly installments of alimony in the amount fixed by the postdecretal order appealed, which operated to reduce from $500 to $400 the monthly installments of alimony awarded by and regularly paid pursuant to the final decree of divorce entered twelve years prior to the order appealed; that by accepting the reduced payments appellant is estopped to maintain this appeal because she falls within the general principle of law that one cannot accept the fruits of a decree and at the same time appeal from it. The majority also holds, in effect, that in order for appellant to have the benefit of a sum of money to be paid to her by the appellee for support and maintenance pending this appeal from the postdecretal order her only recourse was to obtain the relief available under Florida Appellate Rule 3.8(b). I do not think the rule or the authorities upon which the majority relies are applicable to the facts on this appeal.
I take it to be obvious and elemental: 1. That this proceeding had no attribute of an intended benefit to the appellant wife. 2. That her legal right to permanent periodic alimony as adjudicated by the 1951 final decree of divorce is res judicata. 3. That appellee’s obligation to pay alimony is therefore continuing in nature, subject only to the power of the court in the exercise of a sound judicial discretion, dependent on a change in the husband’s circumstances and/or the wife’s need, to modify the amount and/or terms of the award. 4. That since the order appealed operated to reduce the wife’s income and conferred no special rights upon her, she did not benefit by accepting the reduced amount, that is-to say, she did not receive something of" which she had theretofore been deprived, or to which she was not entitled in any event. 5. That the award of '$400 per' month alimony is not disputed by the ap-pellee in any particular, and it follows not only that appellant has a vested interest therein which cannot be disturbed by the-event of this appeal but also that appellee-suffered no detriment in consequence of appellant’s acceptance of said payments, pending this appeal. In the light of these considerations, the authorities relied on by the majority do not support the conclusion, reached, as will be demonstrated.
In Brooks v. Brooks, 100 So.2d 145 (Fla.Sup.Ct.1958), the majority did not write an opinion in affirming per curiam the decree appealed. However, Mr. Justice Drew wrote an opinion concurring specially in which he pointed out that the appeal was to review, a final decree granting divorce to the wife and awarding to her permanent alimony totaling $6,000 and a substantial! fee for the services of her solicitor, which awards were paid to and accepted by her prior to the oral argument of her appeal before the supreme court. It is in the light of those facts that he then stated the fundamental principle that one may not accept the fruits of a decree and at the same time appeal from it and observed, as I agree, that in the absence of a contrary statute or court rule this principle applies in appeals from decrees awarding alimony or questioning the propriety of the divorce or other provisions of the decree; that the appellant wife, “by accepting payment of sums awarded her in the final decree for alimony and expenses, waived the right to appeal from the decree with respect to such awards.” I suggest that Justice Drew limited his observations to a situation where the appeal was to review a final decree initially awarding alimony in a lump sum and that the principle there expressed is inapplicable to the instant case because (1) here the award was in periodic monthly *320 payments for an unlimited period of time, and (2) appellant can derive no benefit in fact from a postdecretal order which, as compared with the final decree which for the first time adjudicated her right to alimony and- incidentally fixed the amount, reduces the amount originally provided and to which she had previously been entitled as a matter of right. While the opinion in Brooks does not state the grounds of the appeal, it appears likely that the sufficiency of the award was challenged. There is no question, however, that it was a direct appeal from a decree initially determining, inter alia, the wife’s entitlement to alimony and awarding the amount thereof. If the assignments of error on that appeal had permitted reversal of the final decree of divorce in its entirety and such had been the result, rather than the per curiam af-firmance, it is obvious that Mr. Justice Drew’s concurring opinion would have been more directly applicable to the situation because under such circumstances the appellant wife would have had the benefit of payments to which she was not lawfully •entitled and the appellee husband would have suffered a corresponding detriment. Under such circumstances the rule stated by Justice Drew might well have served as a basis for dismissal of that appeal on the theory of estoppel and been a more acceptable procedure for disposing of the appeal than by affirmance on the merits as was the case. In either event, the circumstances in Brooks are far removed from those in the case on review where the appellant wife’s entitlement to alimony is res judicata and the sole issue is whether or not the chancellor abused his discretion by reducing the amount of alimony payable under the final decree.
My independent review of the authorities indicates that without exception those cases which apply principles of estoppel to deny the right to maintain an appeal, as invoked by the majority, bear the common thread of a factual background wherein the party against whom the estoppel is worked (1) has dearly derived a benefit from a provision initially contained in the order, judgment or decree appealed, (2) such party is challenging the legality of such provision, and (3) pending the appeal has accepted the benefits thereof. As with the majority, I find no precedent for application of the doctrine of estoppel to an appeal from a postdecretal order modifying downward the amount of alimony payable; and while the absence of such precedent does not validate the conclusion I have reached, I suggest that some significance attaches to the fact that a subject of such common occurrence as here involved has not been treated by a reported case in accord with the majority.
In Carter v. Carter, 141 So.2d 591 (Fla.App.1962), Wigginton, J., speaking for this court, detailed facts which are clearly distinguishable from those in the case on review. We there discussed at length Florida Appellate Rule 3.8(b) and its proper application, in the language of Judge Wig-ginton, to “an appeal from a divorce decree.” We were not there concerned with any effort to apply the rule of estoppel to proceedings supplemental to the decree of divorce, as here involved. In that case Wigginton, J., said that amended F.A.R. 3.8(b)
“ * * * was made for the purpose of enabling a divorced wife to receive subsistence pending an appeal from a divorce decree without prejudicing her rights by estoppel to question the correctness of any of the terms or provisions of the decree appealed. * * * Implicit in the rule is the conclusion that if alimony awarded to a wife in a final decree of divorce is accepted by her as such, she is estopped to question either that or any other provision of the final decree by appeal.” (Emphasis supplied.)
Adherence to that statement of law does not compel or justify its application to the postdecretal order now on review.
In Claus v. Claus, 163 So.2d 26 (Fla.App.1964), which I authored, the appeal was from a final decree of divorce, as in Carter, *321 rather than from a postdecretal order as here involved, and we said:
“In order to escape the rule announced in Carter v. Carter, supra, and obtain the relief contemplated by F.A.R. 3.8(b), it is necessary to make timely application to the trial court for payment of separate maintenance, support or alimony pending an appeal from a final decree providing benefits as in this case.” (Emphasis supplied.)
Rayle v. Merrill, 141 So.2d 288 (Fla.App.1962), and McMullen v. Fort Pierce Financing & Construction Co., 108 Fla. 492, 146 So. 567 (1933), are causes unconnected with divorce, in which pending the appeal the appellant accepted the benefits of the final decree or judgment pending the appeal. In the McMullen case the Florida Supreme Court stated the general rule quoted by the majority to the effect that where a party recovering a judgment or decree accepts the benefits thereof, voluntarily and knowing the facts, he is es-topped to afterwards seek a reversal of such judgment or decree on writ of error or appeal. But the court took care to note that the facts in McMullen did not bring it within an exception to the rule
“ * * * which would save the appeal from dismissal * * * when an amount found in favor of a litigant by a judgment or decree is due him in any event — when there is no controversy over his right to receive and retain it — so that the only question to be determined by the appellate tribunal is whether he is or is not entitled to a greater or additional sum, * *
I prefer to characterize this so-called exception as an independent rule of substantive law and suggest that it precisely attends the facts governing this appeal.
Florida Appellate Rule 3.8(b) is strictly a rule of procedure and as such has no bearing upon the substantive law of es-toppel as defined and applied in the Mc-Mullen case. Principles of waiver and estoppel pervade the law and are applied according to the equities and facts peculiar to each case. The principles of estoppel which I deem to be erroneously invoked in this case were firmly established long prior to the adoption of said rule. Prior thereto a wife in need of support money, suit money, etc., pending appeal from a final decree of divorce was obliged to apply to the appellate court for an order awarding same. Almost without exception the appellate court without requiring further proofs would award the amount awarded by the final decree. McKenzie v. McKenzie, 105 So.2d 614 (Fla.App.1958). Rule 3.8(b) was designed to afford a more efficient means to obtain that relief and to relieve the ill-equipped appellate courts of the burden of making the factual determination entailed.
In seems obvious that where in strict conformity to the rule application is made to the chancellor who rendered the decree appealed, he will almost always project an order conforming to the provisions of the decree in such particulars. To do otherwise would indirectly assault the accuracy of the conclusions he reached in the final decree appealed. By the same token, it must be assumed that the same result would obtain if, contrary to my view, such an application and adjudication under Rule 3.8(b) is the only recourse by which to obtain the mentioned relief and preserve the right of appeal from a postdecretal order as here involved. The conclusion of the majority is a judicial improvisation which belies the axiom that wherever and whenever possible practical considerations that do not confound the basic law should override any awkward theory that retards the administration of justice under the law.
There is no cross-assignment of error in any manner assaulting the order appealed and the sole issue before this court is whether or not the chancellor erred in reducing the award from $500 to $400. In this posture it cannot be gainsaid that appellant has a vested right to receive the *322 reduced amount of $400 per month as and when it accrues. And so the question occurs: In what possible manner can the appellee be prejudiced by doing that which he is in any event admittedly required to do under the order appealed ?
It is the rule in this jurisdiction that where the right to alimony is not established by the final decree of divorce it is forever barred. When such decree awards alimony, the wife’s entitlement is conclusively adjudicated; and the only power of the court then remaining is to modify the amount of the award, dependent upon a change in circumstances. Inherent in the order appealed is a conclusion of the chancellor that under changed circumstances the appellee is capable of paying and should pay alimony to the appellant in the reduced sum of $400 per month. Appellant is therefore entitled to that amount as a matter of right, not by largess of the court.
The acceptance by an appellant of that part of an item not in dispute does not constitute a waiver or estoppel precluding him on appeal from asserting his right to the disputed portion. Carle v. Carle, Civ.App.Tex., 234 S.W.2d 907. The majority rule of our sister states is that a wife who accepts part of an allowance provided by the court, or who accepts property awarded to her and to which she is admittedly entitled, or accepts property which will not be affected or put in jeopardy by the appeal, does not thereby waive her right to appeal from an order modifying the original allowance. Fried v. Fried, 209 Ga. 854, 76 S.E.2d 395; Coley v. Coley, 128 Ga. 654, 58 S.E. 205; Delbridge v. Sears, 179 Iowa 526, 160 N.W. 218; Horn v. Horn, 142 App.Div. 848, 127 N.Y.S. 448. These authorities uniformly hold that once a sum certain is lawfully awarded to be paid to the wife, a subsequent order modifying the allowance downward is appealable even though pending the appeal she accepts the reduced amount provided by such order; that such acceptance does not constitute a waiver or estoppel of the right to appeal, as fashioned by the conclusion of the majority herein. I think this is the rule of reason and that it does not conflict with the decisions of this court in Carter v. Carter and Claus v. Claus, supra, the first of which emanated from the within discussed concurring opinion in Brooks v. Brooks, supra.
The appellate courts of this state have not heretofore considered the doctrine of estoppel invoked by the majority as applied to an appeal from a postdecretal order of the character here involved. Every notion of equity I can think of compels me to believe that had the problem with which we are now confronted in connection with the adoption of F.A.R. 3.8(b) been taken into account, its framers would have excluded therefrom the implication, however remote, that the specified procedure was applicable to an appeal from an order of the instant character.
Where an appeal is taken to review a final decree of divorce incidentally awarding alimony, it does not become final in point of law until disposed of by the appellate court; and until that occurs there exists the possibility, of course, in a case posing appropriate issues, that the decree may be vacated in its entirety. This consideration is the only logical explanation for the rule obtaining in this jurisdiction whereby an appellant wife is estopped to maintain an appeal from a final decree awarding money benefits if she accepts such benefits while it is pending. At the risk of overemphasis, I repeat that such considerations should not attend this appeal from the supplemental order here involved because appellant’s right to alimony was finally settled by the original decree of divorce, she has derived no benefit under the order appealed superior to that which she previously enjoyed, and appellee has suffered no detriment.
I also suggest the conclusion of the majority is in direct conflict with the deci *323 sion of the Second District Court of Appeal in Hartley v. Hartley, 134 So.2d 281 (Fla.App.1961). The final decree of divorce in that case awarded alimony to the appellant wife, payable in monthly installments. Seven years later the appellee husband petitioned for termination of all alimony on the ground of change in circumstances. A hearing thereon resulted in a postdecretal order requiring him to pay the wife $400 for past due installments of alimony and provided that upon payment thereof all alimony payments were terminated. Appellant’s motion to vacate the order on the ground that she was not afforded an adequate opportunity to be heard on the petition was denied. While the appellate court reversed on the authority of Moore v. Lee, 72 So.2d 280, 42 A.L.R.2d 1112 (Fla.1954), and Kosch v. Kosch, 113 So.2d 547 (Fla.1959), the appellee contended that irrespective of the rule in said cases the appellant was estopped from challenging the validity of the order terminating the payments because pending the appeal she accepted the $400 sum ordered to he paid as a condition precedent to the effectiveness of the order. In disposing of that contention, Smith, J., said:
“It is a well-settled doctrine that, where a party recovering a judgment or decree accepts the proceeds thereof, voluntarily and knowing the facts, that party is estopped to afterwards seek a reversal of the judgment or decree. However, this doctrine is not applicable where there is no controversy as to the amount awarded by the judgment, and the party is entitled to that much in any event. Then, the acceptance by the party of such uncontro-verted sum so awarded by the judgment is not a bar to an appeal. McMullen v. Fort Pierce Financing & Construction Co., 1933, 108 Fla. 492, 146 So. 567; and White v. Spears, Fla.App.1960, 123 So.2d 689. The final decree of divorce ordered the payments. The husband admitted the pastóle installments had not been made, and they constituted vested property rights of zvhich the zvife could not be deprived except by due process of law. Van Loon v. Van Loon, 1938, 132 Fla. 535, 182 So. 205. The husband was deprived of any standing in a court of equity to seek a modification until he complied with the terms of the original order, or unless he showed that he had an inability to pay due to reasons not within his control or his making. English v. English, Fla.App.1960, 117 So.2d 559. The acceptance of the past-due installments of alimony by the zvife is not a bar to her appeal and does not estop her from challenging the validity of the order terminating the alimony.” (Emphasis supplied.)
The majority cites the Hartley decision and brushes it aside as having no controlling effect upon its dismissal of this appeal because the posture of this appeal at its present stage is such that the majority is “not prepared to hold as a matter of law that there is no controversy as to the amount awarded by the order appealed from nor that the appellant is entitled to that much in any event.” If it be the case that there is some controversy on this appeal whereby this court under any circumstance could with propriety hold and adjudge that appellant is entitled to less than the $400 monthly payments of alimony fixed by the order appealed, then I, as the dissenter who has found no remote predicate in the record for such action, and more so the appellant who is abruptly deprived of the right to further pursue the appeal, should be pointed to the factual basis in the record by which is made available any right of this court to reduce below $400 the monthly payments of alimony fixed by the order appealed. Above and beyond all other considerations, the fact stands out that the dismissal of the appeal forecloses forever the ability of this court in this proceeding to determine any controversy, actual or speculative, touching upon *324 the amount payable for alimony pursuant to the order appealed.
There is no plausible distinction between the factual situation in Hartley and that in the instant case. Here as there, appellant accepted payments of alimony that were made strictly in accordance with the postdecretal order appealed, but in a lesser amount than that to which she had previously been entitled. Here as there, she had a vested interest in these payments and could not be deprived thereof except by due process of law. Here as there, her vested right to the $400 payments she actually received was no less settled by the order here appealed than was the vested right of the appellant wife in Hartley to receive the amount she accepted under the order appealed in that case. The doctrine of estoppel as invoked by the majority is without precedent under any recognizable principle of law or equity. No person should be penalized for accepting that to which he is entitled unless the acceptance thereof works an inequitable hardship on a party in interest, and that simply does not occur in this case.
I am well aware that Florida Appellate Rule 3.8(b) makes no clear distinction between a postdecretal order of the character appealed and an order antedating the final decree. I am obliged to believe, however, that this results from an understandable oversight on the part of the framers, as hereinabove discussed. I am persuaded the rule was not intended to serve as a springboard for a new rule of substantive law by which to deprive a party in appellant’s position of the right of appeal under the circumstances here present.
The cases are replete with pronouncements that rules are designed to aid in dispatching the determination of causes, while courts are established for the higher purpose of administration of justice under the law. It is often said that where strict enforcement of the rules of practice-tends to prevent or jeopardize that higher purpose, the rules should yield to the higher purpose; that where the reason for the rule is absent, the rule should fall. The provocative rule here involved was designed to aid an appellant wife in a condition of need. It may be in order to amend the rule so as to better express and permit a more practical application of that design; but such should not in the meantime preclude this court from acting in accordance with the higher purpose. In my opinion the motion to dismiss should be denied.
I therefore dissent.