OPINION OF THE COURT
Harold J. Hughes, J.
When a defendant is an infant at the time of the accident giving rise to the action, can he be served with process pursuant to CP-LR 309 (subd [a]) after he attains his majority?
This is an action for personal injuries and derivative loss allegedly sustained when the infant plaintiff was struck by a bat swung by defendant Roscoe Richardson, Jr.,* while playing in the yard of the residence of codefendants Westney R. and Judith Westhms. At the time of the occurrence, Roscoe Richardson, Jr., was an infant. However, at the time the plaintiffs attempted to institute this action on June 3,1982, young Richardson had attained his majority. Despite that fact, plaintiffs attempted service under CPLR 309 governing service upon infants, by delivering a copy of the summons to Richardson, Jr.’s, parents.
*76 Richardson, Jr., moves to dismiss upon the ground that the court lacks personal jurisdiction of him. Richardson, Sr., and his wife move to dismiss upon the ground that the complaint fails to state a cause of action against them. Plaintiffs’ position appears to be that since Richardson, Jr., was an infant at the time of the events giving rise to the claim, the action in all regards must be pursued against him as an infant.
Plaintiffs’ position lacks merit. CPLR 309 was designed to protect infants and incompetents by directing service in a manner that secures proper representation. Resort to that section is only required when the defendant is an infant or incompetent at the time of the attempted service, irrespective of defendant’s status at the time of the events giving rise to the claim. The rule was applied to incompetents in Jacobs v Jacobs (127 Misc 505, affd 217 App Div 753) where a husband served his wife with process in a divorce action despite the fact that many years earlier she had been judicially declared incompetent. Subsequent events resulted in its being to the husband’s advantage to discontinue the action, and he attempted to have the action dismissed upon the argument that the court lacked jurisdiction of his wife since she had not been served in the proper manner. In rejecting that argument, the court held: “[T]he court order of 1918 is evidence of incompetency as of that date, but is not conclusive on the question of competency or incompetency as of this date. * * * The effect of that order would vanish under a showing of actual competency of to-day” (Jacobs v Jacobs, 127 Misc 505, 507, supra). The same rule should be applied to actions against infants. The action against Richardson, Jr., must be dismissed for failure to effect service of process upon him. Since the complaint fails to allege any act or omission on the part of the parents which caused or contributed to the infant plaintiff’s injury, no cause of action is stated against them.
The motion of defendant Roscoe Richardson, Jr., for an order dismissing the action against him upon the grounds that the court lacks personal jurisdiction shall be granted, without costs. The motion of Roscoe Richardson, Sr., and *77 Hermine Richardson for an order dismissing the complaint for failure to state a cause of action against them shall be granted, without costs.

 The parties sued herein as Roscoe Richardson, Jr., and Roscoe Richardson, Sr., are in actuality, respectively, Roscoe Richardson, III, and Roscoe Richardson, Jr. However, throughout this opinion they are referred to in the manner sued.